# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# SOUTHWESTERN DIVISION

| | |
|---|---|
| Kenneth Murchison, | ) |
| | ) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| | ) |
| vs. | ) |
| | ) |
| State of North Dakota, | ) Case No. 1:12-cv-71 |
| | ) |
| Respondent. | ) |

On June 7, 2012, the petitioner, Kenneth Murchison ("Murchison"), filed *pro se* a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. Judge Hovland has referred this matter to the undersigned for preliminary consideration.

I.      BACKGROUND

On October 30, 2003, Murchison was convicted by jury verdict of simple assault on a correctional institution employee. (Docket No. 7, Exhibit 1). The state district court entered judgment against Murchison on November 4, 2003, and sentenced him to three years imprisonment consecutive to the sentence he was serving at the time he committed the offense. (Docket No. 7, Exhibit 3). Murchison appealed, claiming that he was denied his constitutional right to effective assistance of counsel and that he was denied his right to a fair trial because the trial judge was prejudiced or biased against him. See State v. Murchison, 2004 ND 193, 687 N.W.2d 725. The North Dakota Supreme Court affirmed the conviction in an opinion and judgment filed on October 15, 2004. (Docket No. 7, Exhibits 7-8). Murchison did not petition for rehearing. The North Dakota Supreme Court issued its mandate on November 8, 2004. (Docket No. 7, Exhibit 4). In his

habeas petition, Murchison indicated he petitioned the United States Supreme Court for a writ of certiorari. (Docket No. 3). The State asserts no petition for certiorari was filed.

On July 12, 2010, Murchison filed an application for post-conviction relief in state court. (Docket No. 7, Exhibit 9). On August 20, 2010, the district court summarily denied the application. (Docket No. 7, Exhibit 11). The North Dakota Supreme Court denied Murchison's subsequent appeal and affirmed the district court's decision in an opinion filed on June 27, 2011. See Murchison v. State, 2011 ND 126, 799 N.W.2d 360. Murchison filed a petition for rehearing on August 22, 2011. (Docket No. 7, Exhibit 18). The North Dakota Supreme Court denied the petition for rehearing on September 2, 2011 and issued its mandate on September 20, 2011. (Docket No. 7, Exhibit 13).

On June 7, 2012, Murchison filed with this court a Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Docket No. 3). In his petition, he set forth four grounds for relief:

> GROUND ONE: Abuse of Descretion, by the Trial Judge. See Letter written by Attorney Bolinske hereto attached?
>
> Supporting Facts: The Trial Judge, forced or allowed the Defendant to be taken to Trial before the Jury in Bright Orange Prison Jumpsuit, and Leg Irons or Ankle Chains. Which is all against the Defendants Constitutional Rights, to the presumption of innocence. And S.Ct. U.S. case of Williams vs. Estelle. Which is an abuse of Judicial Descretion, violation of the Basic Fundamental Rights.
>
> . . . .
>
> GROUND TWO: Ineffective Assistance of Counsel, by Appeal Appointed Attoney.
>
> Supporting Facts: The Attorney of Record handling appeal, filed His Appeal Brief prior to the consultation of the Defendant/Petition, or Appellant. And refused to raise the Issue's Appellant requested. And then He refused to appear at oral arguements on the Appeal. And in a sense creating a Conflict of Enterest and Ineffect method and Assistance of Counsel.

> . . . .
>
> GROUND THREE: Violation of Fast and Speedy Trial Rights.
>
> Supporting Facts: The Court ruled, that it did not violate the Defendants Rights, by trying the Defendant, after the 90 day time period had expired, to rightfully try the Defendant, in violation of the Interstate Act on Detainer, in North Dakota State Law Statute. Law on Fast and speedy trials. Time started, upon signature.
>
> . . . .
>
> GROUND FOUR: Denial of Due Process of Law/and Unequal-Protection, of The, or under the Law. See Letter Attached?
>
> Supporting Facts: The Trial Judge held, the First Appearance or Arraignment, Preliminary Hearing, and the Trial by Jury, all on the same day, and presided over all of the Hearings and Trial personally, and in fact creat a Conflict of Enterest, and Ethics Violations. And refused to recuse Herself. Also see Letter hereto as substaintial Evidence, to these Facts?

(Id.) (errors in original). On June 11, 2012, the undersigned issued an order instructing the State to file an answer within thirty days of service of the petition and instructing the State to file a motion to dismiss within forty-five days of service of the petition if the State intended to assert untimeliness of the petition as a defense. (Docket No. 5). On July 11, 2012, the State filed a response to Murchison's petition and a motion to dismiss the petition as untimely under 28 U.S.C. § 2244(d). (Docket Nos. 7-8). On July 27, 2012, Murchison filed a Rebuttal Motion, To Strike "the inaccurate, and improper Response, of the Respondent" and a supporting brief. (Docket Nos. 17-18). On August 2, 2012, the State filed a response to Murchison's motion to strike. (Docket No. 19).

## II. DISCUSSION

Effective April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") introduced a one-year statute of limitations for the filing of petitions for writs of habeas corpus and motions to vacate federal sentences. See 28 U.S.C. § 2244(d)(1). For persons in custody pursuant

to a state court judgment, the limitations period is calculated "from the latest of" four dates specified in 28 U.S.C. § 2244(d)(1)(A)-(D). Relevant to this case is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). For state prisoners who seek direct review by the United States Supreme Court, "the judgment becomes final at the 'conclusion of direct review'—when [the] Court affirms a conviction on the merits or denies a petition for certiorari." Gonzalez v. Thaler, 132 S. Ct. 641, 653 (2012). For all other state prisoners, "the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the United States Supreme] Court, or in state court, expires." Id. at 653-54. The Supreme Court's rules require that a petition for certiorari be filed within ninety days of the entry of judgment by a state court of last resort. Sup.Ct. R. 13(1). "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]" Sup. Ct. R. 13(3).

The record does not support Murchison's assertion that he petitioned for the United States Supreme Court for a writ of certiorari. In Murchison's habeas petition, he marked "Yes" in response to the question whether he filed a petition for certiorari. (Docket No. 3). He listed the docket number as "Filing Refused," the result as "Documents Returned," the date of result as "Unknown" and the citation to the case as "None." (Docket No. 3). Nothing else in the record indicates Murchison filed a petition for certiorari. Assuming none was filed, Murchison's one-year window to file a habeas petition under § 2244(d)(1)(A) commenced on or about January 13, 2005–when his time for seeking direct review by the United States Supreme Court expired.

4

Under § 2244(d)(2), the one-year limitations period may be tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" However, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001). A properly filed state post-conviction claim remains pending "until the application has achieved final resolution through the State's postconviction procedures." Lawrence v. Florida, 549 U.S. 327, 332 (2007) (quoting Carey v. Saffold, 536 U.S. 214, 220 (2002)). This includes the pendency of the state appeal period, Williams v. Bruton, 299 F.3d 981, 983 (8th Cir. 2002), but does not include the pendency of a petition for certiorari to the United States Supreme Court. Lawrence, 549 U.S. at 332. The pendency of a state post-conviction relief application is controlled by the particular state's procedures for determining finality. Steen v. Schuetzle, 326 F. App'x 972, 973 (8th Cir. 2009) (per curiam). In North Dakota, a state post-conviction action that is timely appealed remains pending until the North Dakota Supreme Court issues its mandate. Id. at 974.

Murchison's one-year period to file a habeas petition began to run on or about January 13, 2005 and continued to run until it expired on or about January 13, 2006. Murchison did not file his application for state post-conviction relief until July 12, 2010, more than four years after his one-year period to file a habeas petition expired. Thus, Murchison's time to file a habeas petition was not tolled under § 2244(d)(2) because his one-year limitation period lapsed well before he applied for state post-conviction relief.

The limitations period may also be tolled as a matter of equity. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "'(1) that he has

5

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (emphasis deleted)). Murchison listed May 28, 2012 as the date his § 2254 petition was placed in the prison mailing system. (Docket No. 3). In letters accompanying the petition, Murchison stated that he had attempted to mail a § 2254 petition and a certificate of inmate account and assets approximately two months earlier and that those documents were "ultimately destroyed, here and by, the flawed mail system, here now, at this Institution." (Docket No. 3, Attachments 2-3). Even assuming Murchison mailed the documents on or about March 28, 2012, his § 2254 petition would have been filed years after the § 2244(d)(1) one-year limitations period expired. Given this lengthy delay, Murchison cannot show he diligently pursued his rights, and nothing in the record suggests the delay was the result of an extraordinary circumstance that prevented timely filing. Equitable tolling is not warranted in this case.

### III.    CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see also, United States v. Lambros, 404 F.3d 1034, 1036 -1037 (8th Cir. 2005); Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000). When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of

constitutional rights has been stated and that reasonable jurists would find it debatable that the district court was correct in its procedural ruling. Slack, 529 U.S. at 484.

In this case, reasonable jurists would not find it debatable that the application for a writ of habeas corpus was untimely. Consequently, it is recommended that the court not issue a certificate of appealability.

**V.    RECOMMENDATION**

For the reasons stated above, the undersigned **RECOMMENDS**:

1. Murchison's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Docket No. 3) be **DENIED**;

2. The State's Motion to Dismiss Section 2254 Petition (Docket No. 8) be **GRANTED**;

3. The court certify that an appeal from the denial of this action may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith; and

4. A certificate of appealability not be issued.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 12th day of September, 2012.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge

7