IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Kenneth Murchison, | ) | |
| | ) | **ORDER DENYING PETITIONER'S** |
| Petitioner, | ) | **MOTION TO RECONSIDER** |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:12-cv-071 |
| State of North Dakota, | ) | |
| | ) | |
| Respondent. | ) | |

On June 7, 2012, the petitioner, Kenneth Murchison, filed a motion for leave to proceed in forma pauperis and a pro se habeas petition under 28 U.S.C. § 2254. See Docket Nos. 2 and 3. On September 12, 2012, Magistrate Judge Charles S. Miller, Jr. issued a Report and Recommendation wherein he recommended that the Court deny Murchison's petition, certify that an appeal from the denial may not be taken in forma pauperis, and that a certificate of appealability not be issued. See Docket No. 20. On September 28, 2012, Murchison filed an objection to the Report and Recommendation. See Docket No. 21. On November 9, 2012, the Court adopted the Report and Recommendation in its entirety, and judgment was entered in accordance with the Court's order. See Docket Nos. 23 and 24.

On January 2, 2013, Murchison filed a motion for reconsideration and a notice of appeal. See Docket Nos. 25 and 26. Within the motion for reconsideration, Murchison makes clear that he first seeks reconsideration of the Court's order adopting the Report and Recommendation and, in the alternative, he requests the Court "grant the Petitioner, the opportunity, to Appeal from the adverse Decision, now rendered by the Court, in Faumer Pauperis, and with a Certificate of Appealability." See Docket No. 25, p. 2 (errors in original).

Murchison has filed a notice of appeal. As such, the Court will address whether it retains jurisdiction to address the motion for reconsideration. The general rule is that, when a litigant files a notice of appeal, the district court loses jurisdiction over the case, except for collateral matters unrelated to the issue appealed. See e.g., McKissick v. Yuen, 618 F.3d 1177, 1196 (10th Cir. 2010); Fed. R. App. P. 4(a)(4). An exception to the general rule applies when certain motions are pending at the time the notice of appeal is filed. Rule 4(a)(4) provides in relevant part as follows:

> **(A)** If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
>
> \*\*\*
> **(iv)** to alter or amend the judgment under Rule 59; [or]
> \*\*\*
> **(vi)** for relief under Rule 60 if the motion is filed no later than 28 days after the judgment is entered.
>
> **(B)(i)** If a party files a notice of appeal after the court announces or enters a judgment-- but before it disposes of any motion listed in Rule 4(a)(4)(A)--the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4). In other words, the Court retains jurisdiction over (1) motions to alter or amend the judgment, and (2) motions for relief from a judgment when such motions are pending at the time a notice of appeal is filed. Fed. R. App. P. 4(a)(4)(B)(i). As will be discussed below, the Federal Rules of Civil Procedure do not recognize motions for reconsideration, and courts usually interpret motions for reconsideration as either motions to alter a judgment or motions for relief from a judgment.

Murchison filed his motion to reconsider simultaneously with the notice of appeal. However, Murchison makes clear that he first seeks reconsideration of the Court's order and then, in the alternative, seeks "the opportunity, to Appeal from the adverse decision[.]" Under the circumstances, the Court finds it appropriate to treat Murchison's motion for reconsideration as filed prior to the notice

of appeal. As a result, the Court finds it has jurisdiction to address Murchison's motion for reconsideration.

"The Federal Rules of Civil Procedure do not mention motions for reconsideration." Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999); see also Schoffstall v. Henderson, 223 F.3d 818, 827 (8th Cir. 2000). Therefore, courts are "frequently put in the difficult position of deciding whether a 'motion for reconsideration' is in fact a Rule 59(e) 'Motion to Alter or Amend a Judgment,' or a Rule 60(b) 'Motion for Relief from Judgment or Order.'" Broadway, 193 F.3d at 989; see Sanders v. Clemco Indus., 862 F.2d 161, 168 (8th Cir. 1988) ("When the moving party fails to specify the rule under which it makes a postjudgment motion, that party leaves the characterization of the motion to the court's somewhat unenlightened guess . . . ."). The Eighth Circuit has instructed that when such a motion is directed at a final order, as is the case here, it should be construed as a Rule 59(e) motion. See Schoffstall, 223 F.3d at 827.

Rule 59(e) allows a court to alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Entry of the judgment occurred on November 9, 2012. See Docket No. 24. Murchison's motion is dated December 26, 2012 (filed on January 2, 2013). Therefore, the motion is untimely as he failed to file his motion within the 28 days required by Rule 59(e).

Even if Murchison's motion was timely, the Court would not grant the motion as he merely attempts to reargue the issue decided by the Court. A district court enjoys broad discretion in determining whether to grant or deny a Rule 59(e) motion. "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006) (quoting Innovative Home Health Care v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998)).

"Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127-28 (2d ed. 1995)).

The Court has carefully reviewed the pending motion and finds there is no justification for granting a Rule 59(e) motion to alter or amend the judgment. Murchison has failed to present any reason why he is entitled to relief under Rule 59(e). Rule 59(e) is not designed to provide an avenue for a disappointed plaintiff to relitigate old matters. Under such circumstances, relief under Rule 59(e) is unwarranted.[1] Murchison's motion to reconsider (Docket No. 25) is **DENIED**. Further, the Court certifies that an appeal from the denial of this action, or the denial of the motion for reconsideration, may not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith.

**IT IS SO ORDERED.**

Dated this 3rd day of January, 2013.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court

---

[1] Even if the Court were to consider Murchison's motion under Rule 60(b) of the Federal Rules of Civil Procedure, he is not entitled to relief. The United States Supreme Court has held that Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986). The Rule "authorizes relief based on certain enumerated circumstances (for example, fraud, changed conditions, and the like)." Broadway, 193 F.3d at 990. Murchison has failed to make the requisite showing under Rule 60(b) to warrant relief.